UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA

    -against-

REGGIE VEGA,

              Defendant.
-----------------------------------------------------------------X

ORDER

01-CR-1310-1 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

On April 12, 2002, Defendant Reggie Vega was sentenced to 63 months' imprisonment and five years' supervised release after he pleaded guilty to one count of conspiracy to possess with intent to distribute a substance containing cocaine base. (J. (Dkt. 15).) Defendant's term of imprisonment concluded, and his term of supervised release commenced, on April 4, 2006. (Order for Issuance of Warrant (Dkt. 16); May 27, 2016, Gov't Letter ("Gov't Letter") (Dkt. 20).) Defendant has been in state custody since June 9, 2006, when he was arrested and charged with criminal use of a firearm, attempted murder, robbery, assault with intent to cause serious injury with a weapon, and criminal possession of a weapon. (Violation of Supervised Release Report (undocketed) at 8.) At that time, Judge John Gleeson[1] also issued a detainer warrant for Defendant's arrest, finding that there was probable cause that Defendant had committed acts not in compliance with his conditions of supervision. (Order for Issuance of Warrant.) Defendant was subsequently convicted of attempted murder in the second degree and sentenced to twenty years' imprisonment, and he remains in state custody. See Inmate Population Information Search, N.Y. State Dep't of Corrs. & Cmty. Supervision, http://nysdoccslookup.doccs.ny.gov/ (information obtained for DIN 07-A-5785). Defendant's term of supervised release has been

---

[1] Judge Gleeson resigned from federal judicial service on March 9, 2016. This case was reassigned to this court on March 28, 2016. (Mar. 28, 2016, Order Reassigning Case.)

stayed since his state imprisonment on June 9, 2006, and the detainer warrant remains pending. (See Order for Issuance of Warrant.) See also 18 U.S.C. § 3624(e) ("A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days.").

Before the court is a motion by Defendant, now proceeding pro se, for a reduction in sentence (the "Motion"). (Mot. to Reduce Sentence ("Mot.") (Dkt. 17).) In the Motion, Defendant argues that his federal term of supervised release should be reduced pursuant to 18 U.S.C. § 3582(c)(2) because the United States Sentencing Commission (the "USSC") has "reduced the guideline ranges" applicable to drug offenses since Defendant's sentencing. (Mot. ¶ 1(B).) In response, the Government states that the USSC's amendment "does not apply" to Defendant because he has already served his term of imprisonment. (Gov't Letter.)

The court first agrees with the Government that Defendant is ineligible for a reduction in sentence under § 3582 because that statute only applies to terms of imprisonment. See § 3582(c)(2) (stating that "the court may reduce the term of imprisonment" (emphasis added)). Because Defendant is no longer in federal prison pursuant to his 2001 conviction, he has no relevant "term of imprisonment" for the court to reduce.

Even construing pro se Defendant's moving papers liberally, see United States v. Perez, No. 08-CR-429-06 (DLC), 2016 WL 4775536, at *2 (S.D.N.Y. Sept. 14, 2016), the court must deny the Motion. Under 18 U.S.C. § 3583(e)(2), the court may modify a term of supervised release upon a finding of "new or unforeseen circumstances . . . [such as] exceptionally good behavior by the defendant." United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997). The court may also terminate a term of supervised release under § 3583(e)(1) "where a defendant has

served at least one year of his supervised release and his conduct and the interests of justice so require." Id. (quoting Untied States v. Truss, 4 F.3d 437, 438 (6th Cir. 1993)).

As far as a motion under § 3583(e)(2) is concerned, Defendant does not offer any evidence of good behavior or changed circumstances other than the claim that Amendment 782 to the United States Sentencing Guidelines ("USSG") makes a reduction of his term of supervised release proper. (See Mot.) Where a defendant seeks to use an amendment to the USSG to reduce his term of supervised release, however, "the court shall take into account the totality of circumstances relevant to a decision to terminate supervised release." USSG § 1B1.10, cmt. n. 7(B). His conviction for attempted murder is surely evidence that he has not demonstrated "exceptionally good behavior" during his brief time on supervised release.

Nor would construing the Motion as seeking relief under § 3583(e)(1) alter the court's conclusion. Because Defendant was only out of federal prison for two months before entering state custody, at which time his period of supervised release was stayed, he does not meet the requirement that he have served at least one year of supervised release before a modification is proper under § 3583(e)(1).

For the foregoing reasons, Defendant's motion for a reduction in sentence (Dkt. 17) is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
April 12, 2018

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge